UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY 19-50831
Chapter 13

Linda Joann Barchus,

     Debtor.

## NOTICE OF HEARING AND OBJECTION TO CLAIM NO. 1-1 FILED BY BANK OF AMERICA, N.A.

TO:  U.S. Trustee, Chapter 13 Trustee, claimant Bank of America, N.A., and all interested parties.

    1.    Debtor, objects to claim no. 1-1 filed by Bank of America, N.A. and gives notice of hearing.

    2.    The court will hold a hearing on this objection at 9:30 a.m. on Monday, March 23, 2020, in Courtroom 2, 4th Floor, U.S. Courthouse, 515 West First Street, Duluth, MN 55802.

    3.    Any response to this objection must be filed and served not later than Wednesday, March 18, 2020, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding. This objection arises pursuant to 11 U.S.C. § 502, Bankruptcy Rule 3007, and Local Rule 3007-1, and such other Rules as may pertain.

    5.    Debtor objects to the claim no. 1-1 filed by Bank of America, N.A. on 12/9/2019 in the amount of $9,117.29, which is attached as Exhibit A.

    6.    Bank of America, N.A. ("BoA") did not file a claim that complies with Bankruptcy Rule 3001(c) or 11 U.S.C. § 502, and as such should be disallowed.

    7.    Debtor is a party in interest, as allowance of BoA's claim would require more payments to her bankruptcy estate in her Chapter 13 plan.

    8.    Debtor hereby requests the holder of this claim, Bank of America, N.A. as successor by merger to FIA Card Services, N.A., to provide a copy of the writing specified in Bankruptcy Rule 3001(c)(3)(B) for claims based on an open-end or revolving consumer credit card agreement or other writing. *See also* Rule 3001(c)(1).

    9.    BoA contends the basis of their claim is a "Consumer Credit Card", and a "STATEMENT OF ACCOUNTS" was attached as the only support for their proof of claim. This is not adequate documentation.

    10.    BoA's claim is not a valid enforceable writing under applicable laws to demonstrate Debtor owes any debts or other obligations to BoA at any relevant time. *See* 11 U.S.C. § 502(b)(1).

11. Debtor has always disputed BoA's claim, and Debtor's original Chapter 13 plan explicitly provides "Trustee shall not pay on any claims filed by . . . Bank of America or its assignee." *See* ECF doc #2, Part 17.1.

12. Upon information and belief, Debtor has never personally made a charge or transaction on the alleged Consumer Credit Card contract in BoA's claim.

13. Upon information and belief, Debtor has not signed any contract(s) or other relevant writing(s) with BoA or FIA Card Services, N.A. for a "Consumer Credit Card" or other debt of any kind.

14. Upon information and belief, Debtor has previously requested a writing from BoA for the alleged underlying claim, and BoA was unable to produce any adequate documentation.

15. "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007) (quoting *Vanston Bondholders Protective Comm. v. Green,* 329 U. S. 156, 161 (1946)).

16. Debtor asserts there is no federal, state, or other applicable law for BoA's claim, and hereby holds BoA to its burden of proof under Title 11 of the United States Code, including Section 502.

WHEREFORE, the Debtor requests an order of the Court disallowing claim number 1-1 filed by Bank of America, N.A. in its entirety and granting such other and further relief as the court deems just and equitable

Dated: February 14, 2020

/e/ Jake W. Peden
Jake W. Peden - #0400315
Kain & Scott, P.A.
13 7th Avenue South
St. Cloud, MN 56301
320-252-0330
jpeden@kainscott.com

## VERIFICATION

I, Jake W. Peden, attorney for debtor, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 14, 2020

/e/ Jake W. Peden
Jake W. Peden

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  BKY 19-50831
Chapter 13

Linda Joann Barchus,

      Debtor.

**ORDER DISALLOWING CLAIM NO. 1-1**
**FILED BY BANK OF AMERICA, N.A.**

This case is before the court on the objection of Debtor to claim no. 1-1 filed by Bank of America, N.A.. Upon said objection, and all the files, records and proceedings herein,

IT IS ORDERED:

That claim no. 1-1 filed by Bank of America, N.A. in the amount of $9,117.29 is disallowed in its entirety, and that the trustee shall make no further disbursements to Bank of America, N.A. on claim no. 1-1.

Dated: _____

                                                        _____

                                                        Robert J. Kressel
                                                        United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  BKY 19-50831
Chapter 13

Linda Joann Barchus,

        Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

      The undersigned, being an employee of the Kain & Scott, P.A., declares that on the date indicated below, I served the attached Notice of Hearing and Objection to Claim No. 1-1 and proposed Order upon James Alfred and Brian Moynihan by certified mail and upon Kyle Carlson, Trustee and the U.S. Trustee by first class mail, postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

    Bank of America, N.A.
    c/o James Alfred, Assistant VP
    PO Box 982284
    El Paso, TX 79998-2238

    Brian Moynihan, Officer
    Bank of America Corporate Center
    100 North Tryon Street
    Charlotte, NC 28255

    Kyle Carlson, Trustee
    PO Box 519
    Barnesville, MN 56514

    U.S. Trustee
    1015 US Courthouse
    300 S 4th Street
    Minneapolis, MN 55415

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: February 14, 2020

                                                    /e/ Sonja K. Quaintance
                                                    Sonja K. Quaintance
                                                    Kain & Scott, P.A.

Exhibit A

**Fill in this information to identify the case:**

Debtor 1: Linda Joann Barchus

Debtor 2: _____
(Spouse, if filing)

U.S. BANKRUPTCY COURT FOR THE MAIN DISTRICT OF MINNESOTA

Case number: 19-50831

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Bank of America, N.A.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Bank of America, N.A.
Name
P O Box 982284
Number   Street
El Paso, TX 79998-2238
City   State   ZIP Code

Contact phone 888-702-1161
Contact email Card_Bankruptcy_POC@bankofamerica.com

Where should payments to the creditor be sent? (if different)

Bank of America, N.A.
Name
PO Box 15102
Number   Street
Wilmington, DE 19886-5102
City   State   ZIP Code

Contact phone 888-702-1161
Contact email Card_Bankruptcy_POC@bankofamerica.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                         Proof of Claim                         page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _1_ _8_ _8_ _1_

**7. How much is the claim?** $_____9,117.29_. Does this amount include interest or other charges?
☐ No
■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Consumer Credit Card

**9. Is all or part of the claim secured?**
■ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
■ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
■ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

■ No
☐ Yes. Check one:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

■ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/09/2019
                  MM / DD / YYYY

/S/ James Allred
Signature

**Print the name of the person who is completing and signing this claim:**

Name      James Allred
          First name        Middle name        Last name

Title     Assistant Vice President

Company   Bank of America, N.A.
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   PO Box 982284
          Number           Street
          El Paso, TX 79998-2238
          City                        State       ZIP Code

Contact phone  888 702-1161          Email  card_bankruptcy_POC@bankofamerica.com

Official Form 410                    Proof of Claim                              page 3

# STATEMENT OF ACCOUNTS

| | |
|---|---|
| **DATE:** | 12/09/2019 |
| **CASE NUMBER:** | 19-50831 |
| **CREDITOR:** | Bank of America, N.A. as successor by merger to FIA Card Services, N.A. |
| | P O Box 982284 |
| | El Paso, TX 79998-2238 |
| **DEBTOR:** | XXXXXXXXXXXX1881 |
| | Linda Joann Barchus |
| | 6847 Indian Trail Ln |
| | Pine River, MN 56474-6076 |

| | |
|---|---|
| **BALANCE:** | 9,117.29 |
| PRINCIPAL OWED: | 8,101.38 |
| INTEREST: | 896.93 |
| FEES: | 118.98 |
| EXPENSES: | 0.00 |
| OTHER CHARGES: | 0.00 |
| | 9,117.29 |

**Name of entity from whom the creditor purchased the account:**

FIA Card Services, N.A., now known as Bank of America, N.A., originated this credit account or has owned and administered this credit account for more than 6 years.

**Name of entity to whom the debt was owed at time of last transaction by account holder:**

Bank of America, N.A.

| | |
|---|---|
| **DATE OF LAST TRANSACTION:** | 09/11/2019 |
| **DATE OF LAST PAYMENT:** | 07/24/2019 |
| **DATE ACCOUNT CHARGED-OFF:** | Account not charged off at time of petition |
| **DOCUMENT ID:** | 978793 |